UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TOMMIE JOE FLETT,<br><br>        Defendant. | No. CR-12-132-FVS-1<br><br>ORDER RE: PRETRIAL MOTIONS |

**THIS MATTER** came before the Court on April 18, 2013, for a pretrial conference. Defendant was represented by Matthew Campbell. The United States was represented by Rudy J. Verschoor.

**BACKGROUND**

On June 5, 2012, Tommie Joe Flett allegedly assaulted his estranged girlfriend at a residence that is located within the boundaries of the Colville Indian Reservation. The Colville Confederated Tribes charged Mr. Flett in tribal court with violations of tribal law. On August 24, 2012, Mr. Flett pleaded guilty in tribal court to the crime of "Battery (Domestic Violence)." During the process, he allegedly admitted assaulting his estranged girlfriend on June 5, 2012. The tribal judge sentenced Mr. Flett to a term of 360 days incarceration with credit for time served. The matter did not

ORDER RE: PRETRIAL MOTIONS - 1

end there.  The United States sought, and obtained, an indictment charging Mr. Flett with violations of federal law.  The federal indictment is based upon the same conduct that the 2012 tribal conviction is based upon.  Counts one, two, and three allege Mr. Flett committed the crime of assault in Indian Country.  18 U.S.C. §§ 1153(a) and 113(a).  Count four alleges he is subject to enhanced punishment based upon prior domestic violence convictions.  18 U.S.C. § 117(a).  The parties have filed a number of pretrial motions.

**RULING REGARDING DRUG AND ALCOHOL USE**

Counsel for either party may seek to impeach a witness with evidence indicating the witness' consumption of drugs or alcohol impaired the witness' ability to accurately and completely perceive events on June 5, 2012, and to accurately and completely recall them at trial.  Testimony or evidence as to other alcohol and/or drug use will not be admissible without first addressing the matter outside the presence of the jury.

**RULING REGARDING GENERAL TRIAL ISSUES**

No one may discuss punishment in the presence of the jury.  No one may move for mistrial in the presence of the jury.  No one may discuss the government's financial, investigatory, or prosecutorial resources in the presence of the jury.  No one may make discovery requests in the presence of the jury.  Witnesses are excluded from the courtroom until they take the stand to testify.  The parties shall provide reciprocal discovery as required by Federal Rule of Criminal Procedure 16.

ORDER RE: PRETRIAL MOTIONS - 2

**RULING REGARDING MR. FLETT'S MOTION TO DISMISS**

(a) *Double Jeopardy*

The Department of Justice has adopted a policy that is known as the "*Petite* policy." The policy derives its name from *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960) (*per curiam*). The *Petite* policy "is a Justice Department policy prohibiting successive state and federal prosecutions for the same crime except when necessary to vindicate a compelling federal law enforcement interest and then only after an Assistant Attorney General has approved the prosecution." *United States v. Fletcher*, 634 F.3d 395, 405 (7th Cir. 2011) (citing U.S. Attorneys' Manual, § 9-2.031 Dual and Successive Prosecution Policy). On its face, the *Petite* policy applies to federal prosecutions that follow state prosecutions. Mr. Flett argues the *Petite* policy also applies to federal prosecutions that follow tribal prosecutions. Mr. Flett's reliance upon the *Petite* policy is misplaced. As the United States notes, the *Petite* policy does not confer substantive rights upon Mr. Flett. *See United States v. Snell*, 592 F.2d 1083, 1087 (9th Cir. 1979). Mr. Flett may not raise the *Petite* policy as a shield to the dual sovereignty doctrine. Since the Colville Confederated Tribes and the United States are separate sovereigns, the federal prosecution does not violate the Double Jeopardy Clause despite the fact it arises from the same events that gave rise to the prior tribal prosecution. Mr. Flett's double jeopardy claim fails.

///

ORDER RE: PRETRIAL MOTIONS - 3

(b) *Selective Prosecution*

In order to demonstrative selective prosecution, Mr. Flett must prove both that a "federal prosecutorial policy had a discriminatory effect" and "that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (internal punctuation and citation omitted). He has produced no admissible evidence in support of his selective prosecution claim; and there is no reason to think discovery would reveal any admissible evidence. Mr. Flett's selective prosecution claim fails.

(c) *Equal Protection*

Congress has determined Indian tribes should be spared the burden of paying for an Indian's defense in tribal court. 25 U.S.C. §§ 1301-1303. As a result, an indigent Indian who is charged with domestic violence in tribal court is not entitled to a tribally-funded attorney whereas a non-Indian who cannot afford counsel will be eligible for a publicly-appointed attorney. Mr. Flett alleges this distinction violates the equal protection component of the Fifth Amendment. Since Mr. Flett is attacking a classification that has been created by Congress, he must show that the classification in question does not bear any rational relationship to a legitimate government purpose. *See United States v. Carter*, 560 F.3d 1107, 1120-1121 (9th Cir. 2009). Mr. Flett is not able to carry this burden. Congress' determination that Indian tribes should be spared the expense of funding defense attorneys constitutes a rational basis for the difference in treatment

ORDER RE: PRETRIAL MOTIONS - 4

between Indians and non-Indians.  The Supreme Court has upheld Congress' determination in that regard.  *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56-57, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (the provisions of 25 U.S.C. §§ 1301-1303 constitute a valid exercise of Congress' plenary power over Indian affairs).  Mr. Flett's equal protection claim fails.

(d) *2012 Tribal Conviction*

The Court agrees *United States v. Ant*, 882 F.2d 1389 (9th Cir. 1989), represents the law of the Ninth Circuit.  However, Mr. Flett's reliance upon *Ant* is misplaced insofar as his 2012 tribal conviction is concerned.  Mr. Flett was represented by an attorney in the 2012 tribal proceeding.  Thus, *Ant* is distinguishable.  Since Mr. Flett was represented by counsel in that proceeding, this Court lacks authority to review the validity of his 2012 tribal conviction.  *Cf. Daniels v. United States*, 532 U.S. 374, 384, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) ("Because petitioner failed to pursue remedies that were otherwise available to him to challenge his 1978 and 1981 convictions, he may not now use a § 2255 motion to collaterally attack those convictions."); *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (with the sole exception of prior state convictions that were obtained in violation of the right to counsel, a defendant has no right to attack the validity of such convictions in a federal sentencing proceeding).

///

///

ORDER RE: PRETRIAL MOTIONS ~ 5

*(e) Convictions Listed in Count Four*

The United States is seeking enhanced punishment under 18 U.S.C. § 117(a). Section 117(a) does not set forth sentencing factors. *Cf. Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (18 U.S.C. § 1326(a) defines the crime of unlawful reentry after deportation; 18 U.S.C. § 1326(b)(2) is a penalty provision, not a separate crime). Section § 117(a) defines a separate crime. *See United States v. Cavanaugh*, 643 F.3d 592, 593 (10th Cir. 2011) (describing § 117(a) as the "offense of domestic assault by a habitual offender" and stating that one of the elements of the crime is proof of at least two predicate convictions). Assuming, for purposes of argument, that § 117(a) defines the separate crime of "domestic assault by a habitual offender," and assuming, for purposes of argument, that proof of at least two predicate convictions is an element of the crime, then the Ninth Circuit's decision in *United States v. Ant*, *supra*, is applicable here. If, in fact, Mr. Flett was not represented by counsel in any of the proceedings that are listed in Count Four, then the "Count Four" convictions are not admissible to prove he violated § 117(a).

The government has the burden to prove that Mr. Flett was represented by counsel with respect to the predicate convictions alleged in Court Four. If the government is not able to show that Mr. Flett was represented by counsel for the two predicate convictions, then, pursuant to *Ant*, those convictions are not admissible and Count Four would be subject to a motion to dismiss.

ORDER RE: PRETRIAL MOTIONS - 6

*(f) Defendant's Plea in Tribal Court*

Defendant also requests that the government be prohibited from using Mr. Flett's guilty plea in Tribal Court in the instant prosecution. Mr. Flett's plea in Tribal Court is admissible under Fed.R.Evid 804(b)(3) (statement against interest). As noted by the government, the Supreme Court has held that an inculpatory statement under 804(b)(3) "is itself one of the particularized guarantees of trustworthiness" that makes a statement admissible under the Confrontation Clause. *Williamson v. United States*, 512 U.S. 594, 605 (1994). Defendant's request is denied.

**IT IS HEREBY ORDERED:**

1. The "United States' Motion In Limine Re: Character" (**ECF No. 27**) is **denied** for failure to seek specific relief.

2. The "United States' Motion In Limine Re: Drug and Alcohol Use" (**ECF No. 28**) is **granted in part and denied in part** as indicated above.

3. The "United States' Motion In Limine Re: General Trial Issues" (**ECF No. 29**) is **granted in part** as indicated above.

4. Mr. Flett's "Motion to Dismiss" (**ECF No. 46**) is **granted in part and denied in part** as indicated above.

5. The "United States' Motion In Limine Re: Defendant's Tribal Convictions" (**ECF No. 53**) is **granted**.

6. The period from March 15, 2013 (the date upon which Mr. Flett filed his "Motion to Dismiss" until April 23, 2013 (the date upon which the motion was resolved) is excluded from the calculation of his speedy trial deadline. 18 U.S.C. § 3161(h)(1)(D).

ORDER RE: PRETRIAL MOTIONS - 7

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___23rd___ day of April, 2013.

                          ___S/Fred Van Sickle___
                             Fred Van Sickle
              Senior United States District Judge